Filed 11/20/15  State of Cal. ex rel. Wilson v. Superior Court CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE STATE OF CALIFORNIA ex rel. MICHAEL WILSON et al., <br><br> Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br> Respondent; <br><br> BRISTOL-MYERS SQUIBB CO., <br><br> Real Party in Interest. | B264676 <br><br> (Los Angeles County <br> Super. Ct. No. BC367873) |

Petition for writ of mandate.  Kenneth R. Freeman, Judge.  Petition is granted.

Waters Kraus & Paul, Michael L. Armitage, and Michael B. Gurien for Petitioners.

No appearance for Respondent.

No appearance for Intervenor California Department of Insurance.

Wilmer Cutler Pickering Hale and Dorr, David C. Marcus, John J. Butts, Christopher T. Casamassima, Matthew D. Benedetto; Hogan Lovells US, Mitchell J. Lazris, Nicholas G. Stavlas, and Jessica L. Ellsworth for Real Party in Interest.

_____

This petition arises out of a qui tam action against Bristol-Myers Squibb Co. (BMS). Petitioners Michael Wilson, Lucius Allen and Eve Allen are the relators in the underlying action. The complaint seeks to impose civil penalties for violation of the Insurance Fraud Prevention Act (IFPA), Insurance Code section 1871 et seq., and alleges that BMS employed runners and cappers to induce physicians to prescribe its drugs to their patients.[1] The California Insurance Commissioner (Commissioner) intervened in the case pursuant to section 1871.7, subdivision (f), and as a result has "primary responsibility for prosecuting the action." (Ins. Code, § 1871.7, subd. (f)(1).)

On March 30, 2015, respondent court entered orders granting summary judgment in favor of real party BMS with respect to petitioner Michael Wilson, and judgment on the pleadings with respect to petitioners Lucius Allen and Eve Allen, and ordered BMS to provide proposed judgments for signature. BMS filed the proposed judgments in the superior court on April 1, 2015. On May 29, 2015, however, respondent court issued a minute order stating that because the State of California remains as a plaintiff, the matter with respect to petitioners is not resolved and, as such, judgment in favor of BMS with respect to petitioners would violate the "one final judgment" rule. Accordingly, respondent court vacated only the portion of the March 30 order that required preparation of proposed judgments.

Petitioners seek a writ of mandate ordering respondent court to vacate the May 29, 2015 order, and instead to execute the proposed judgments implementing the court's March 30, 2015 orders. This is the sole issue raised by the petition.

We conclude that the multiparty exception to the one final judgment rule permits the trial court to execute the proposed judgments. Accordingly, we grant the petition for writ of mandate and order the trial court to vacate its May 29, 2015 order, and instead execute and file the proposed judgments.

---

[1] All statutory references refer to the Insurance Code unless otherwise specified.

## BACKGROUND

Wilson, a former BMS sales representative, on behalf of the People of the State of California, filed the underlying qui tam action against BMS on March 16, 2007.  The complaint was later amended, with the consent of the Commissioner, to add the Allens, also former BMS sales representatives, as relators.  (*State of California ex rel. Michael Wilson et al., Relators v. Bristol-Myers Squibb Co.*, Los Angeles Superior Court case No. BC367873.)  In March 2011, the Commissioner intervened, and an amended complaint was filed on March 29, 2011.  A third amended complaint was filed in November 2011.

In 2014, this Court granted a petition for writ of mandate by the Commissioner and relators, reversing the trial court's grant of summary adjudication in favor of BMS.  (*State ex rel. Wilson*, *supra*, 227 Cal.App.4th at p. 610.)  On November 25, 2014, BMS brought a motion for summary judgment on all claims brought by Wilson, but not the State, and a motion for judgment on the pleadings on all claims brought by the Allens, but not the State.  On March 30, 2015, respondent court granted both motions.  As a result, all claims have been resolved with respect to Wilson and the Allens.

The sole issue presented in this writ petition is whether, having issued orders granting the motions against Wilson and the Allens and effectively taking them out of the case, the superior court may enter final judgments against Wilson and the Allens.  Based on respondent court's reasoning in the orders granting the motions, the multiparty exception to the one final judgment rule should apply.

In BMS' motion for summary judgment with respect to Wilson, BMS alleged that Wilson's claims were barred (a) by the settlement agreement and release that he signed in a prior federal False Claims Act case (the FCA Case), (b) by section 1871.7, subdivision (h)(1) as a result of the prior FCA Case, (c) by the statute of limitations, and (d) by an alleged violation by Wilson of the requirement that the complaint and all other documents be filed under seal.  BMS alleged in the motion that Wilson could have asserted, but did not, a cause of action pursuant to California's Insurance Frauds Prevention Act (§ 1871 et seq.) in the FCA Case.

3

BMS also brought a motion for judgment on the pleadings with respect to the Allens, arguing that Allens' claims were barred by the "first to file" rule set forth in section 1871.7, subdivisions (e)(5) and (h)(1) as a result of the prior FCA action against BMS.

Both motions were granted on March 30, 2015. The summary judgment motion against Wilson was granted on the ground that the settlement agreement and release he signed in the FCA Case against BMS barred his claims. The Allens' claims were determined to violate the "first to file" rule.

In the order granting the motion for summary judgment against Wilson, the superior court specifically discussed that the State of California's claims remain, stating "the motion for summary judgment is well-taken on the grounds the partial settlement of the Federal FCA bars Relator Wilson's claim here. The motion is therefore granted. In doing so, the Court wishes to make clear that a grant of summary judgment relates to the claim of Relator Michael Wilson only, in his capacity as Relator in this qui tam action. It does not dispense with the Insurance Commissioner's claim in this case (the Commissioner has intervened in the litigation.) Nor does an order granting summary judgment dispense with the claims of the other Relators, Lucius and Eve Allan."[2] As an alternate ground on which to grant the motion against Wilson, the superior court concluded that section 1871.7, subdivision (h)(1) bars Wilson's claim because it provides that "in no event may a person bring an action under subdivision (e) that is based upon allegations or transactions that are the subject of a civil suit or an administrative civil money penalty proceeding in which the Attorney General, district attorney, or commissioner is already a party." The court observed that Wilson's complaint in the FCA Case was filed in September 2006 and this case is "largely based upon the same course of conduct giving rise to the federal FCA litigation." Because the FCA Case was pending when this state IFPA claim was filed, and the State of California was named in

---

[2] The Allens' claims were dismissed in a separate order granting BMS' motion for judgment on the pleadings.

4

the federal FCA complaint (and ultimately entered into a settlement with BMS), the court concluded that summary judgment with respect to Wilson was appropriate pursuant to section 1871.7, subdivision (h)(1).

The superior court concluded that Code of Civil Procedure section 437c, subdivision (a) permits "any party" to move for summary judgment "in any action," and discloses no exception for qui tam actions. The superior court concluded that BMS is entitled to summary judgment with respect to Wilson and judgment on the pleadings with respect to the Allens, independent of the fact that the Commissioner remains in the case. The order granting the motions directed BMS to prepare and file proposed judgments with respect to each of the relators. BMS prepared and filed the proposed judgments on April 1. No objections were filed to the form of judgments.

The superior court, however, did not sign or enter the proposed judgments. Two months later, on May 29, 2015, the superior court entered and served an order stating that "because the State of California remains as a Plaintiff in this matter, the ruling as to the relators does not resolve the entire matter." The May 29 order invokes the "one final judgment" rule, and states that "[t]here cannot be more than one separate judgment in favor of Defendant Bristol-Myers. By virtue of the Court's two separate orders, . . . those parties are no longer in the case, but the State of California still remains, so there are issues left for future consideration." As a result of this conclusion, the court vacated that portion of the March 30 order that required preparation of the proposed judgments.

This petition followed on June 16, 2015. We issued an order to show cause, and BMS filed a return on August 26, 2015. Wilson and the Allens filed a reply on September 24, 2015.

The petition seeks to compel the superior court to sign the proposed judgments submitted by BMS, enabling Wilson and the Allens to obtain appellate review of the decision granting BMS' motions.

## DISCUSSION

The "one final judgment" rule is based in Code of Civil Procedure section 904.1, which provides that an appeal may be taken "[f]rom a judgment, except (A) an

5

interlocutory judgment . . . ." This is the heart of respondent court's conclusion that it could not sign the judgments at issue.

There is an exception to this rule, however, in cases that involve multiple parties and a judgment is entered "which leaves no issue to be determined as to one party." (*Justus v. Atchison* (1977) 19 Cal.3d 564, 568.) In *Justus*, two couples brought actions for medical malpractice and wrongful death in connection with the stillbirths of their babies. In addition, each of the husbands brought a separate cause of action "for the shock he allegedly experienced in witnessing that death." (*Id.* at p. 567.) The superior court granted the demurrers of defendants without leave to amend, and the plaintiff husbands appealed. Appeal was proper because the judgments, although not resolving the entire complaint, "disposed in each case of all the causes of action in which the husbands are plaintiffs. It is irrelevant that the wives joined with the husbands as plaintiffs in one of these causes of action. This circumstance does not affect the reason for the exception, i.e., that it better serves the interests of justice to afford prompt appellate review to a party whose rights or liabilities have been definitively adjudicated than to require him to await the final outcome of trial proceedings which are of no further concern to him." (*Id.* at p. 568.)

The same is true here. Judgments against Wilson and the Allens, although they do not resolve the entire complaint, dispose of all of causes of action with respect to each of them.

Utilizing the "standard" rules providing for the summary judgment and judgment on the pleadings, as BMS did in moving for judgments with respect to the relators but not the State, the "standard" rules for execution of the judgments in favor of BMS, and permitting Wilson and the Allens to appeal, should apply as well. While not a qui tam case, similar logic applied in *Tinsley v. Palo Alto Unified School Dist.* (1979) 91 Cal.App.3d 871, in which parents appealed a judgment sustaining without leave to amend demurrers to their petition seeking to compel the defendant school districts to alleviate segregated schools. Certain defendants argued as a threshold matter that the judgment against them was not final and not appealable because the state and other parties

6

remained in the case and sought the same relief. The First District discussed that "respondents assert that the one final judgment rule must be applied to defeat the appeal in this case because the interests of the state, a remaining defendant, and the local respondents in this case are identical both in terms of the legal issues raised and in the relief sought by the petitioners, and, therefore, the judgment in this case cannot be a complete determination of the matter." (*Id*. at p. 880.) Applying logic similar to that in this case, the *Tinsley* court concluded that "On its face this argument is inherently inconsistent with the position successfully advocated by those respondents in the lower court when they secured the order sustaining their demurrers without leave to amend and the ensuing judgment. If, as now stated, the local districts are mere agencies of the state so that any relief directed against the state will by necessity affect them, the trial court may have erred in sustaining the demurrers. On that theory the appeal should not be dismissed, but the judgment should be reversed. The premise that there are identical interests does not bear scrutiny. The local districts, as agents, may have limited powers in interdistrict affairs, whereas the state, as set forth below, has plenary powers in all school district affairs. . . . The legal issues are not necessarily the same. In any event, if they are, it should be so determined on this appeal and the existing judgments should be set aside if a cause of action has been stated against the local districts as agencies of the state." (*Id*. at pp. 880–881.)

This conclusion applies to this case as well. If Wilson and the Allens have separately cognizable claims such that granting BMS' motions for summary judgment and judgment on the pleadings was appropriate, resolving the case entirely with respect to each of them, the multiparty exception to the final judgment rule permits the superior court to execute the judgments.

## DISPOSITION

The petition for a writ of mandate is granted and the May 29, 2015 order of respondent court is hereby vacated. Respondent court is directed to execute and file the proposed judgments.

Wilson and the Allens are awarded their costs related to this petition.

NOT TO BE PUBLISHED.


                                 CHANEY, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.